1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE SALVADOR RIVERA AVILA, | ) | 1:07-CV-00523 AWI NEW (DLB) HC |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR DISCOVERY |
| v. | ) | [Doc. #6] |
| | ) | |
| CHARLES DEROSA, et al., | ) | ORDER DENYING PETITIONER'S |
| | ) | REQUEST TO SERVE SUMMONS ON |
| Respondents. | ) | RESPONDENT |
| | ) | [Doc. #5] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 17, 2007, Petitioner filed a request with the Court that he be allowed to serve a summons on Respondent. On May 4, 2007, Petitioner filed a motion requesting leave to conduct discovery.

Petitioner's motions will be denied. "The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See, e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting).  However, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to

"review errors in state criminal trials"(emphasis omitted)).  A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause.  Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.

Petitioner does not demonstrate good cause why his request for discovery should be granted. Petitioner does not state what information is needed, why the information is needed, for what claims or arguments said discovery is necessary, or why said discovery is relevant to a determination of the merits of the petition.  Accordingly, Petitioner's request for discovery is DENIED.

With respect to Petitioner's motion to serve a summons on Respondent, Petitioner's motion will be denied. As discussed above, Petitioner is advised that petitions for writ of habeas corpus are processed differently from other civil cases. A summons is not issued; rather, upon a preliminary review of the petition, the Court will order Respondent to respond to the petition after which Petitioner will be granted an opportunity to traverse the response. See Rules Governing Habeas Corpus Cases.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for discovery is DENIED; and

2) Petitioner's request to serve summons on Respondent is DENIED.


IT IS SO ORDERED.

Dated:   **May 9, 2007**            **/s/ Dennis L. Beck**
                          UNITED STATES MAGISTRATE JUDGE