UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE SALVADOR RIVERA AVILA, | ) | 1:07-CV-00523 AWI NEW (DLB) HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITIONER'S MOTION FOR |
| v. | ) | DEFAULT JUDGMENT |
| | ) | |
| CHARLES DEROSA, et al., | ) | [Doc. #17] |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

   On July 13, 2007, Petitioner filed a motion requesting default for Respondent's alleged failure to comply with court orders. On July 19, 2007, Respondent filed an opposition to Petitioner's motion for default.

**DISCUSSION**

   Pending before the Court is Petitioner's motion for default judgment. Petitioner complains that Respondent has failed to timely comply with the deadlines set by the Court and that Petitioner is therefore entitled to default. The Court rejects this contention. 28 U.S.C. § 2241(c)(3) provides that

the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.  In Townsend v. Sam, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Court said: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."  The burden to show that he is in custody in violation of the Constitution of the United States is on Petitioner.  The failure of State officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his burden of proof.  Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons.

Moreover, the docket reflects that Respondent did in fact timely comply with the deadlines set by the Court. On May 10, 2007, the Court set the deadline for filing a response to July 11, 2007. As noted by Petitioner, the Court restated the deadline in the order of June 26, 2007, denying Petitioner's motion to expedite. As reflected in the docket, Respondent filed his answer on July 9, 2007. The Court concludes that Petitioner is not entitled to default judgment.  Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (Respondent's failure to timely respond to petition does not entitle Petitioner to default.).

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Petitioner's motion for default judgment be DENIED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

1  (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive
2  the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3      IT IS SO ORDERED.
4  **Dated:**   **August 20, 2007**        **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE